**Anderson DELGADO, Plaintiff,**

v.

**DETENTION CENTER, PHIL, PA., et al., Defendants.**

Civ. A. No. 93–6988.

United States District Court, E.D. Pennsylvania.

Dec. 30, 1993.

Anderson Delgado, pro se.

## MEMORANDUM

ROBRENO, District Judge.

Plaintiff has filed a *pro se* 42 U.S.C. § 1983 civil rights complaint against the Philadelphia Detention Center, Holmesburg Prison and the U.S. Marshals Service. Plaintiff alleges that the conditions of his confinement in the Philadelphia Detention Center and Holmesburg Prison violated his constitutional rights. In his prayer for relief, he is requesting that he be transferred to a Federal facility.

With his complaint, plaintiff filed a request for leave to proceed *in forma pauperis*. As it appears he is unable to pay the cost of commencing this action, leave to proceed *in forma pauperis* is granted.

Plaintiff is alleging that he was denied various privileges and that he did not receive adequate medical treatment during the time that he was incarcerated at the Philadelphia Detention Center and the Holmesburg Prison. However, plaintiff is attempting to sue the prisons instead of individuals. Even assuming that by suing the "prisons" plaintiff is attempting to state a claim against the City of Philadelphia as the entity responsible for administering the Philadelphia Detention Center and Holmesburg Prison, municipal liability cannot be imposed absent an allegation that unlawful actions were taken pursuant to a municipality's policies, practices, customs, regulations or enactments. *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). There being no such allegation in the present complaint, the complaint is dismissed as frivolous as to the Philadelphia Detention Center and the Holmesburg Prison.

Plaintiff's claim against the United States Marshals Service must also be dismissed. Sovereign immunity bars lawsuits against the United States unless Congress has specifically waived that immunity. *United States v. Mitchell,* 445 U.S. 535, 100 S.Ct. 1349, 63 L.Ed.2d 607 (1980); *United States v. Testan,* 424 U.S. 392, 96 S.Ct. 948, 47 L.Ed.2d 114 (1976). Neither the Constitution nor 28 U.S.C. § 1331 acts as such a waiver. *Jaffee v. United States,* 592 F.2d 712, 718 (3d Cir.), *cert. denied,* 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979). The United States Marshals Service, as an agency of the United States, is entitled to sovereign immunity.

Finally, in his prayer for relief, plaintiff is requesting that he be transferred to a Federal facility. Plaintiff lists his address as the United States Penitentiary at Leavenworth which is a Federal facility. Therefore, his request for relief is moot. For the foregoing reasons, the complaint will be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915(d).

An appropriate Order follows.

## ORDER

AND NOW, this 30th day of December, 1993, it appearing that plaintiff is unable to prepay the costs of commencing this suit

pursuant to 28 U.S.C. § 1915(a), it is hereby **ORDERED** that:

1. Leave to proceed *in forma pauperis* is **GRANTED**; and

2. This complaint is **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(d).

AND IT IS SO ORDERED.